IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Chi-Chi's Inc., et al., | ) | Case No. 03-13063(RB) |
| | ) | (Jointly Administered) |
| _____Debtors._____ | ) | |
| CHI-CHI'S INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 04-57064(RB) |
| | ) | |
| CASTELLINI COMPANY, LLC, | ) | |
| SYSCO CORPORATION, and | ) | |
| SYGMA NETWORK, INC., | ) | |
| | ) | |
| _____Defendants._____ | ) | |

**MOTION AND INCORPORATED MEMORANDUM OF LAW OF
DEFENDANT CASTELLINI COMPANY, LLC, TO WITHDRAW THE REFERENCE**

Pursuant to 28 U.S.C. § 157(d) and (e) and Local Bankruptcy Rule 5011-1, defendant Castellini Company ("Castellini"), through its undersigned counsel, respectfully requests that reference of the above-captioned adversary proceeding (the "Adversary Proceeding") brought against it by an insurer of Chi-Chi's Inc. ("Debtors") be withdrawn pursuant to 28 U.S.C. § 157(d) and (e).

On November 16, 2004, Debtors' insurer, Empire Indemnity Insurance Company, as subrogee ("Subrogee"), filed its adversary complaint (the "Complaint") with the Bankruptcy Court. The Complaint seeks damages from Castellini and the other defendants, alleging that green onions Castellini shipped to a distribution center for Debtors' use were contaminated with Hepatitis A. Subrogee further alleges that the adulterated green onions caused Debtors' financial damage.

In its Answer, Castellini has denied liability and requested and is entitled to a jury trial, making withdrawal of the reference mandatory pursuant to 28 U.S.C. § 157(d) and (e). Additionally, because the Adversary Proceeding is a non-core proceeding[1] which raises purely state law issues and because withdrawal of the reference will conserve valuable judicial and litigant resources, the Court should exercise its discretion to withdraw the reference for cause pursuant to 28 U.S.C. § 157(d).

## THE COMPLAINT

Subrogee filed a Complaint which is virtually identical to a complaint which Debtors had previously filed and dismissed to pursue the claims in another jurisdiction (Adv. No. 04-54170).[2] In both the Debtors' and Subrogee's complaints, Castellini and others (who were voluntarily dismissed by Debtors and Subrogee) were alleged to have supplied Debtors' Mexican restaurants with green onions that were contaminated with Hepatitis A. As alleged in the Complaint:

Paragraph 3: Subrogee is a commercial liability insurer which provided Debtors with a commercial liability umbrella policy with coverage of $10 million.

Paragraph 4: Debtors owned and operated a chain of restaurants.

Paragraph 5: Castellini is a Delaware limited liability company with its principal place of business in Kentucky. It is in the business of processing, supplying and shipping produce and other foods to restaurants, including Debtors' Chi-Chi's restaurants.

Paragraph 9: In 2003, there was an outbreak of Hepatitis A which allegedly was

---

[1] Contemporaneously herewith, Castellini has filed its Motion and Incorporated Memorandum for a Determination That the Adversary Proceeding is a Non-Core Proceeding for consideration by the Bankruptcy Court.

[2] Debtors refiled the case in the United States District Court for the Central District of California, Western Division. The California District Court dismissed the action.

2

traced to a Chi-Chi's restaurant in Monaca, Pennsylvania. The suspected source of the illness was green onions used as a raw ingredient in salsa and as a garnish.

<u>Paragraph 13</u>: Injured customers filed more than 650 claims against Debtors seeking money damages for injuries and deaths.

<u>Counts I-VII</u>:

Subrogee seeks money damages from Castellini. Its claims consists of breaches of warranties for contribution.

## ARGUMENT

The District Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). However:

> Each district court may provide that any or all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). Effective October 6, 2001, the District Court for the District of Delaware referred all cases commenced under the Bankruptcy Code to the Bankruptcy Court of this District. (Order in re Referral of Title 11 Proceedings to the United States Bankruptcy Judges of this District (Sept. 6, 2001)). Accordingly, Debtor's bankruptcy case is now pending before the Bankruptcy Court pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and the District Court's September 6, 2001 Order of Reference.

The Bankruptcy Court is not empowered to hear all matters related to title 11. Pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceedings referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall so withdraw* a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11

and other laws of the United States regulating organizations or activities affecting interstate commerce. (Emphasis added.)

"[S]ection 157(d) envisions two types of withdrawal of reference to the bankruptcy court: (1) mandatory withdrawal, and (2) permissive withdrawal." *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D.Del. 1997).

Here, because Castellini has requested and is entitled to a trial by jury, withdrawal of the reference is mandatory. In addition, withdrawal of the reference is permissive, and this Court should exercise its discretion to withdraw the reference for the Adversary Proceeding.

### I.   WITHDRAWAL OF THE REFERENCE IS MANDATORY

Withdrawal of the reference in the Adversary Proceeding is mandatory, pursuant to Sections 157(d) and (e) of the Bankruptcy Code, because Castellini has exercised its right under the Seventh Amendment to the Constitution and demanded a trial by jury. Castellini does not consent to a jury trial before the Bankruptcy Court. As such, the reference must be withdrawn.

The claims asserted by Subrogee in the Adversary Proceeding are with one very minor exception strictly actions at law. Subrogee seeks money damages for alleged breaches of express warranty, implied warranty of merchantability, warranty of fitness for a particular purpose, contractual indemnity, implied equitable indemnity and contribution - - all but one count are strictly claims at law, not equity. In addition, the claims also seek to adjudicate private rights, purely legal in nature and for which Castellini is entitled to a trial by jury. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 55 (1989).

The Seventh Amendment to the Constitution entitles Castellini to a jury trial on all claims that are legal, not equitable, in nature, and that will adjudicate private, not public, rights. *Id. At 40-65.* "Unless a legal cause of action involves 'public rights,' Congress may not deprive

parties litigating over such a right of the Seventh Amendment's guarantee to a jury trial." *Id.* at 53.

The Complaint here is grounded in contract and will require the determination of questions of fact, including whether Castellini shipped contaminated green onions. An action to enforce the terms of a contract is an action at law, hence the party seeking enforcement is entitled to a jury trial. *Beard v. Braunstein*, 914 F.2d 434, 441 (3d Cir. 1990). Because Debtors' claims asserted here by Subrogee are legal in nature, the trier of fact with respect to these claims must be a jury.

A bankruptcy court may not conduct a jury trial absent the express consent of the parties. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise said jurisdiction by the district court and with the express consent of all the parties." (emphasis added)). Castellini does not consent to the Bankruptcy Court conducting a jury trial in the Adversary Proceeding. As such, the Adversary Proceeding must be tried by a jury before this Court.

Based upon the foregoing, the issue of Castellini's right to a jury trial before this Court is not a matter of discretion, nor is it in any way based upon the Bankruptcy Court's familiarity with the case. Indeed, the case is now pending before the fourth judge assigned to it; and because Chief Judge Baxter is a visiting judge whose term is limited, there likely will be a fifth judge before this case is tried. Castellini is entitled to a jury trial, has not waived this right, and does not consent to a jury trial before the Bankruptcy Court. Therefore, the reference must be withdrawn.

## II. EVEN IF WITHDRAWAL OF THE REFERENCE WERE NOT MANDATORY THIS COURT SHOULD EXERCISE ITS DISCRETION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING FOR CAUSE.

Moreover, even if withdrawal of the reference were not mandatory, the Court should exercise its discretion to "permissively" withdraw the reference.

This Court may withdraw the reference from the Bankruptcy Court "for cause shown." *See* 28 U.S.C. § 157(d). What constitutes "cause" is not defined by the Bankruptcy Code, but has been interpreted by the courts. Although cause "is not an empty requirement, *"In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000), the standards are "minimal." *In re Pruitt*, 910 F2d 1160, 1168 (3d Cir. 1990). *See also, In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990) (listing three factors relevant to cause and explaining that cause can exist when one or more of such factors are satisfied).

In determining whether to withdraw the reference for cause, courts have identified a number of additional factors which should be considered when deciding the existence and validity of cause. Factors that justify permissive withdrawal for "cause" include: (1) whether the claim is core or non-core; (2) whether the cause of action is legal or equitable; (3) whether judicial economy is served; (4) whether the ruling would prevent forum shopping; (5) whether the ruling would promote uniformity in the administration of bankruptcy law; (6) whether withdrawal will foster economical use of the debtor's and creditors' resources; and (7) whether the parties are entitled to a jury trial.[3] *See Orion Pictures Corp. V. Showtime Networks, Inc.*, 4

---

[3] It has consistently been held that the right to a trial by jury constitutes automatic "cause" to withdraw the reference. *See e.g. Torcise v. Community Bank of Homestead* 131 B.R. 503, 508 (S.D.Fla., 1991); *In re Am. Expressways, Inc.*, 161 B.R. 707 (D. Utah 1993); *In re Am. Cmty. Servs., Inc.*, 86 B.R. 681 (D. Utah 1988) (cause to withdraw the reference automatically exists if party seeking withdrawal is entitled to jury trial under the Seventh Amendment).

F.3d 1095, 1102 (2d Cir. 1993), *cert. denied* 511 U.S. 1026, 114 S. Ct. 1418 (1994) (holding that a breach of contract action brought by the debtor against a third party to a pre-petition contract is non-core); *see also Hatzel & Buehler, Inc. v. Orange & Rockland Utils.*, 107 B.R. 34, 39 (D.Del. 1989) ("Permissive withdrawal for "cause" includes considerations of the nature of the proceeding (*i.e.* core or non-core proceeding) and judicial economy.").

The threshold question for purposes of determining "cause" is whether the proceeding is core or non-core. *In re NDEP Corp.*, 203 B.R. 905, 908 (D.Del. 1996) (citing *Orion Pictures Corp.*, 4 F.3d at 1101). In addition, "[t]he Second Circuit explained that it is upon the issue of coreness "that questions of efficiency and uniformity will turn." In non-core matters, the bankruptcy court's determination of the merits of the proceeding is subject to *de novo* review by the district court. Consequently, reasoned the Second Circuit, district courts might reasonably conclude "that in a given case, unnecessary costs could be avoided by a single proceeding in the district court." Indeed, the hypothetical advanced by the Second Circuit mirrors the reasoning of this Court in *Hatzell & Buehler, Inc. v. Orange & Rockland Utils.*, 107 B.R. 34, 39-40 (D.Del. 1989). In that case, this Court found that the adversary proceeding initiated by the debtor which alleged state contract and tort claims constituted a non-core proceeding. Then, this Court found that judicial economy favored permissive withdrawal because if it were denied, the district court would still need to review the merits of the dispute when considering the bankruptcy court's proposed findings of fact and conclusions of law. Consequently, this Court withdrew the reference. *Id.* Accordingly, efficiency and uniformity are promoted by the District Court's initial handling of non-core matters, in part because, pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy court's determination of non-core matters is subject to *de novo* review by the district court. *Id.*

Contemporaneously with this Motion, Castellini filed with the Bankruptcy Court its Motion for a Determination That the Adversary Proceeding Is a Non-Core Proceeding. Castellini anticipates that the Bankruptcy Court will determine that this a non-core proceeding because the Complaint does not invoke a substantive right provided by Title 11. Rather, the Complaint raises "quintessential state law causes of action," including supposed breaches of contract and warranty, issues which will be interpreted under state law. Nor is the Adversary Proceeding a proceeding that by its nature could arise only in the context of bankruptcy case. Instead, it is a case which sounds in contract, a case which courts of law commonly hear. Because the Adversary Proceeding is a non-core proceeding, any determination made by the bankruptcy court would be subject to *de novo* review by the District Court. *See, e.g. Control Center, LLC v. Lauer*, 288 B.R. 269, 277 (M. D. Fla. 2002) (determining that actions for breach of contract, defamation, and trademark misappropriation were independent of both the bankruptcy code any other federal law and thus non-core). What also should be significant to the Court is that Debtors' insurer, not Debtors, brought this action, and that Debtors voluntarily dismissed their Bankruptcy Court case and refiled it in a district court.

Consideration of the above factors supports permissive withdrawal of the reference in this case. The proceedings here are clearly non-core, the claims asserted are legal rather than equitable in nature, interests of judicial economy and efficiency favor withdrawal of the reference, and Castellini has requested and is entitled to a trial by jury.

There is also an overriding and fundamental basis for a withdrawal here on the ground of judicial economy. The adversary proceeding was, when filed, assigned to Bankruptcy Judge Case, a visiting jurist from Phoenix, Arizona. But Judge Case's tour of service in Delaware ended and the case was reassigned twice, first to visiting Judge Peterson, and now to visiting

Chief Judge Randolph Baxter, N.D. Ohio. In other words, the parties are not before a bankruptcy judge who is familiar with the adversary proceeding, or even the bankruptcy case itself.

It is safe to assume that the case will survive Chief Judge Baxter's visiting term, in which case the parties are again in a revolving door. Since this case will undoubtedly require case management and is complex, the sensible course is to involve a District Court Judge who can handle the case from beginning to end.

In *Hazel v. Buehler, Inc.*, this Court exercised its discretion under the permissive withdrawal provision of section 157, and withdrew the reference of adversary proceedings which alleged state contract and tort claims, and as here, did not involve any interpretation of Bankruptcy Code and were not otherwise related to the underlying bankruptcy proceeding. There, the Debtor filed three separate adversary proceedings against the defendant seeking contract or *quantum meruit* damages from the Defendants for wrongfully terminating their contract and subcontracts. The Court found that the adversary proceedings were non-core, and that considerations of judicial economy also favored permissive withdrawal. The Court withdrew the reference the adversary proceedings. *Hazel & Buehler, Inc.* 107 B.R. at 35.

## III. CONCLUSION

For the foregoing reasons, Castellini respectfully requests that the reference be withdrawn with respect to this Adversary Proceeding.

Dated: August 1, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

By _____
Kevin Gross (I.D. No. 209)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
(302) 658-7567

-And-

Gary E. Becker, Esquire
DINSMORE & SHOHL, LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
(513) 977-8200
(513) 977-8141 (FAX)

Attorneys for Castellini Company, LLC