IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CHI-CHI S INC., et al | : | |
| | : | |
| Debtors. | : | Civil Action No. 05-634 |
| | : | |
| CHI-CHI S INC., et al. | : | |
| | : | |
| Plaintiffs, | : | Bank. No. 03-13063 (RB) |
| | : | Adv. No. 04-57064 (RB) |
| v. | : | |
| | : | |
| CASTELLINI COMPANY LLC et al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF, EMPIRE INDEMNITY INSURANCE COMPANY, D/B/A ZURICH NORTH AMERICA'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO  SET ASIDE THE JUDGMENT OF DISMISSAL**

COMES NOW, Empire Indemnity Insurance Company, d/b/a Zurich North America (hereinafter "Zurich," or "Moving Plaintiff"), by and through its undersigned counsel, Fox Rothschild LLP, hereby moves[1] this Court for an order setting aside the judgment of the December 7, 2004 dismissal pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1) and 60(b)(6).  In support of the Motion, Zurich states as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 1332 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

---

[1] In making this Motion, Plaintiff does not concede that Defendants Sysco and SYGMA adversary action is properly pled, properly before that Court or that Zurich and Debtors or Chi-Chi are one in the same party.

3. Relief is sought pursuant to RULE 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE.

## THE PARTIES

4. Plaintiff Empire Indemnity Insurance Company, d/b/a Zurich North America is a commercial liability insurer with operations throughout the United States, including Omaha, Nebraska.

5. Chi-Chi's is a debtor in these proceedings. Chi-Chi's was at all relevant times the owner and operator of a chain of restaurants preparing, serving, and selling food to customers, primarily for on-site consumption.

6. Defendant Sysco (hereinafter referred to as "Sysco" or collectively with SYMGA as "Defendants") is a corporation that delivers food to restaurants through its wholly owned operating affiliates.

7. Defendant SYGMA (hereinafter referred to as "SYGMA" or collectively with Sysco as "Defendants") is in the business of supplying and shipping produce and other foods for use in restaurants. SYGMA is a subsidiary of defendant Sysco. Collectively they will be referred throughout as "Sysco."

8. Defendant Castellini Company, LLC (hereinafter "Castellini"), is a limited liability company organized under the laws of the State of Delaware. Castellini is in the business of processing, supplying and shipping produce for use in restaurants.

## BACKGROUND

9. Debtors, Chi-Chi's, Inc., and related debtors ("Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 8, 2003 (the

"Petition Date").

10. Prior to the Petition Date, Zurich and Debtors (the "Parties") entered into a Commercial Liability Umbrella Coverage Form (the "Policy"), whereby Zurich agreed to provide Debtors with Bodily Injury and Property Damage Liability Coverage in the amount of $10 million dollars.

11. The Chapter 11 proceeding was, at least in part, the result of food poisonings at one of Debtors' restaurants, located in Monaca, Pennsylvania (the "Beaver Valley Chi-Chi's") wherein over 650 people became ill, four of whom have subsequently died.

12. Later investigations revealed that the food poisonings were the result of human consumption of raw, green onions contaminated by Hepatitis A. The onions were contaminated with Hepatitis A prior to delivery to the Beaver Valley Chi-Chi's. Sysco delivered the onions to the Beaver Valley Chi-Chi's through its affiliate, SYGMA.

13. Prior to the Beaver Valley Chi-Chi's incident, on June 26, 2001, the Debtor and Sysco entered into a Distribution Service Agreement [hereinafter referred to as the "Service Agreement"]. A copy of the relevant portions of the Service Agreement is attached hereto as **Exhibit A.**

14. Pursuant to § XIX, at page 37, the Service Agreement requires that disputes between the Debtor and Sysco arising under the Service Agreement be resolved by binding arbitration.

15. On or about July 20, 2004 [hereinafter referred to as the "First Action"], the Debtor filed an adversary action in this Court. Named as parties in that action were

Sysco, SYGMA and Castellini. That action sought recovery of lost profit claims, property damage, lost business value, loss of goodwill, crisis management expenses, breach of warranty claims, other indemnity and contribution from the Sysco, SYGMA and Castellini.

16. Following extensive discussions between Debtor's and Sysco counsel, the First Action was voluntarily dismissed pursuant to FRCP 41(a) on or about November 12, 2004. *See Notice of Dismissal (First Action)* attached hereto as **Exhibit B**. According to Frederick Gordon, counsel to Debtor's, that dismissal was prompted by Sysco's threat to compel arbitration under the Service Agreement. *See October 20, 2005 Affidavit of Frederick Gordon* [hereinafter referred to as the "Gordon Affidavit"] attached hereto as **Exhibit C** at ¶ 7.

17. Specifically, Mr. Gordon affirms in his affidavit:

Consistent with his previously stated position regarding arbitration, I was contacted by Sysco's counsel, Mr. [Aaron] Kraus, following the November 16, 2004 filing of [Zurich's] complaint. Mr. Krauss again referenced the existence of the parties' arbitration agreement and I again understood Sysco would seek to compel arbitration if the [Zurich] complaint was not dismissed as against Mr. Krauss's [stet] client. In light of the circumstances, I contacted, on or about December 2, 2004, counsel for [Zurich]. At that time I relayed to him Mr. Krauss's [stet] intention to compel arbitration.

*See Gordon Affidavit* at Exhibit C at ¶14.

18. On or about November 16, 2004 [hereinafter referred to as the "Second Action"], Zurich filed an adversary action in this Court. *See* Chi-Chi's Docket 1259. Named as parties in that action were Sysco, SYGMA and Castellini. That action sought recovery of monies paid and to be paid by Zurich under its insurance contract with

Debtor from the Defendants and other parties. By notice of Partial Dismissal filed December 7, 2004, the Second Action was dismissed, without prejudice, as to Sysco and SYGMA. *See Notice of Dismissal (Second Action)* attached hereto as **Exhibit D**. It is this dismissal that this Motion is directed at.

19. Like dismissal of the First Action, dismissal of the Second Action was, in part, driven by the Sysco/SYGMA's assertion of their arbitration rights under the Service Agreements. *See Gordon Affidavit*, at ¶14 appearing at Exhibit C.

20. On September 8, 2005, Debtor filed a complaint in arbitration [hereinafter referred to as the "Arbitration Complaint"]. See Complaint attached hereto as **Exhibit E.** Named as defendants in Arbitration Complaint are Sysco and SYGMA.

21. Not content to finally get what they demanded all along, the Defendants, on September 23, 2005 filed an adversary action in the Bankruptcy Court of the District of Delaware seeking to "enjoin the . . . Debtor from initiating, continuing and/or participating in any additional action, including arbitration, against Sysco and SYGMA . . . ." *See Complaint* [hereinafter referred to as the "Sysco Complaint" or the "Sysco Action"]. Attached hereto as **Exhibit F**.

22. Defendants assert in the Sysco Complaint that they are entitled to relief under FRCP 41(a)(1). Specifically Defendants premise their request for relief upon the fact that they received voluntary dismissal in both the First Action and Second Action. *See Sysco Complaint* at ¶24-31 appearing as Exhibit F**.**

## RELIEF REQUESTED

23.     Plaintiff seeks an Order pursuant to FEDERAL RULES OF CIVIL PROCEDURE 60(b)(1) and (6) setting aside the dismissal entered on December 7, 2004 thereby reinstating the action against the Defendants.[2]

24.     Granting to Plaintiff such other relief as the Court deems just and equitable.

## ARGUMENT

Plaintiff moves under FRCP 60(b) for relief from the December 7, 2004 voluntary dismissal given pursuant to FRCP 41(a)(1) to Defendants.  In pertinent part RULE 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any reason justifying relief from the operation of a judgment.

The RULE imposes an additional requirement on those seeking relief under RULE 60(b)(1) through (3).  Specifically, any application for relief under those sections must be made "not more than one year after the judgment, order or proceeding was entered or taken."  As the Second Action dismissal that is the subject of this Motion was filed on December 7, 2004, Plaintiff will not address this requirement as it is clearly met.[3]

### I.   Plaintiff is Entitled To Relief From The December 7, 2004 Dismissal Pursuant to Rule 60(b)(1) As Excusable Neglect Exists

---

[2] In anticipation of the Defendants' argument that this Court lacks jurisdiction over this motion because the dismissal was voluntary under FRCP 41(a)(1), Plaintiff points out that this issue, while not addressed by the Third Circuit, has been addressed by other circuit courts.  Specifically, see *Randall v. Merrill Lynch*, DC Cir., 820 F.2d 1317 (1987).

[3] *See, e, g., United States v. Richlyn Laboratories, Inc*., DC Pa., 365 F Supp 805 (1956)(motion to reopen case under Rule 60(b)(6) was not brought within "reasonable time" because government delayed motion 8 months after it became aware of underlying dismissal).

Excusable neglect under FRCP 60(b) was discussed by the Supreme Court in *Pioneer Investment Services v. Brunswick Associates,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). The *Pioneer* court held that RULE 60(b)(1) requires consideration of, at a minimum, the following factors:

1) Danger of prejudice to Defendant.

2) Length of delay and its potential impact on judicial proceedings.

3) Reason for delay, including whether it was within reasonable control of movant.

4) Whether movant acted in good faith.

The *Pioneer* court went on to note that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.* at 395, 113 S.Ct. 1489. 507 U.S. at 395, 113 S.Ct. 1489.

The Third Circuit has held that each *Pioneer* factor must be considered by the court because no one factor, by itself or in a vacuum, compels a specific result in either direction. *In re Cendant Corp. PRIDES Litig.*, 3rd Cir., 234 F.3d 166, 171-72 (2000); *George Harms Construction Co. v. Chao*, 3rd Cir., 371 F.3d 156, 164 (2004). In *George Harms*, the Third Circuit noted that the *Pioneer's* courts approach to RULE 60(b)(1) reflected a broader calculus of the excusable neglect factors that, in the end, balance upon the fulcrum of the equities of each case. *Id.* at 164.

Under the *Pioneer* "excusable neglect" analysis Plaintiff is entitled to relief under RULE 60(b)(1) because all of the criteria are adequately and satisfactorily met. Specifically, the Defendants suffer no legitimate prejudice if this motion is granted. Quite the contrary, however, is undoubtedly true. If the Court denies this Motion, then the Defendants gain an undue, undeserved windfall because they tiptoe out of litigation and responsibility on nothing short of procedural chicanery. *See In re O'Brien Environmental Energy, Inc.*, 3rd Cir., 188 F.3d 116, 127 (1999).

The delay criteria set out *Pioneer* is met here because Zurich filed this motion promptly after the Defendants filed the Sysco Action. Stated differently, Zurich acted expediently by bringing this Motion within a reasonable period of time under the circumstances. Indeed the Motion was otherwise not necessary but for the filing of the Sysco Action. Additionally, this Motion does not otherwise negatively impact Castellini, the other defendant to this action. Nor has the litigation progressed to the point that the Defendants would suffer prejudice by being re-inserted into the litigation at this point in time. Discovery is in its infancy, no witness depositions have occurred or are scheduled and trial date is not yet set. *See, e. g., Chemetron Corp. v. Jones*, 3rd Cir., 72 F.3d 341, 350 (1995)

*Pioneer* requires that the moving party explain the "reason for delay, including whether it was within reasonable control of movant." There was no reason to file this Motion until the Defendants filed the Sysco Action on September 23, 2005. To the extent that delay exists, it was clearly within the Defendants' control when the Sysco Action was filed.

Finally, there is no evidence of Zurich acting in bad faith either in bringing this motion or any delay in filing it. This *Pioneer* factor clearly favors Zurich in this Motion.

Taking all of the *Pioneer* factors into consideration and considering the totality of the circumstances behind the dismissal, this Motion clearly supports Zurich's reliance upon excusable neglect under FRCP 60(b)(1). *In re: O'Brien Environmental. Energy*, 3rd Cir., 188 F.3d 116, 127 (1999). Having asserted their contractual right to binding arbitration, procuring dismissal in response to that demand and now using that very dismissal as the basis to shirk their responsibility is precisely the kind of equitable foundation that the *Pioneer* court contemplated.

> II. **Plaintiff is Entitled To Relief From the December 7, 2004 Dismissal Pursuant to Rule 60(b)(6) Because the Facts and Circumstances of This Case Justify Relief From The Operation Of A Judgment.**

Relief under RULE 60(b)(6) is available only when relief under other provisions of RULE 60 is unavailing. *Stradley v. Cortez*, 3rd Cir., 518 F.2d 488, 494 (1975); *Landano v. Rafferty*, 3rd Cir., 897 F.2d 661, 682 (1990). Plaintiff contends that it is entitled to relief under RULE 60(b)(1). If, however, the Court concludes that Plaintiff's application is not within the parameter of that paragraph, then Plaintiff asserts that relief is available under RULE 60(b)(6). Plaintiff does not believe that RULE 60(b)(2)-(5) is applicable in this matter. Accordingly, the Plaintiff seeks relief under RULE 60(b)(6). *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

Relief under RULE 60(b)(6) may only be invoked upon a showing of exceptional circumstances. *In re Fine Paper Antitrust Litig.*, 3rd Cir., 840 F.2d 188, 194 (1988). In *Klapprott* the Supreme Court held that a trial court is empowered by FRCP 60(b)(6) to

vacate a judgment whenever such action is appropriate to accomplish justice. The Supreme Court subsequently backed away for that lax approach. In *Ackermann v. United States* the court concluded that only in extraordinary circumstances should a trial court grant relief under Rule 60(b)(6). *Id.* at 340 U.S. 193, 71 S.Ct. 209, 94 L.Ed. 1371 (1950). This Circuit has consistently held that in order to grant a motion under Rule 60(b)(6) the moving party must allege and prove such extraordinary circumstances as will be sufficient to overcome the public interest in maintaining the finality of judgments. *See, e.g., Stradley v. Cortez*, 3rd Cir., 518 F.2d 488 (1975); *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.*, 3rd Cir., 239 F.2d 815 (1956).

The vast majority of cases decided under Rule 60(b)(6), however, involve an effort by the moving party to undo a final judgment, judicial error or to remedy a failure to file an appeal. *See, e. g., Martinez-McBean v. Government of Virgin Islands*, 3rd Cir., 562 F.2d, 908, 912 (1977); *Page v. Schweiker*, 3rd Cir., 786 F.2d 150, 158 (1986); *Merritt v. Blaine*, 3rd Cir., 326 F.3d 157 (2003). That is not the case in this matter. There is no final judgment. No missed appeal. What has happened in this case is that the Plaintiff dismissed the Defendant under Rule 41(a)(1) and now seeks to reverse that process. While the processes that lead to this problem is unremarkable, the consequence of refusing to remedy it as the Plaintiff seeks is extraordinary

There is no clear delineation of what constitutes exceptional circumstances but the cases suggest that, to the extent relief is warranted and not already available through 60(b)(1)-(5), then Rule 60(b)(6) is the appropriate vehicle if relief is justified. *Klapprott, supra; Ackermann, supra.* Hence, the elements of "justifying relief" and

"extraordinary circumstances " described under RULE 60(b)(6) are, for all practical purposes, the same. *Klapprott, supra*. In this matter, the Defendants received a voluntary dismissal after asserting that they were contractually entitled to arbitrate their claims. The Defendants have not responded to the allegations in any forum. No court has adjudicated the claims against them  To allow that voluntary dismissal to remain undisturbed, allows the Defendants to walk away from potentially significant liability all because of a manipulation of dismissals in two cases prosecuted by two distinct parties. The fundamental purpose of RULE 60(b) is to strike a balance between *res judicata* and the need to do justice. *Boughner v. Sec'y of Health, Educ. & Welfare*, 3rd Cir., 572 F.2d 976, 977 (1978). That balance clearly favors granting the Plaintiff's request.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE**, Empire Indemnity Insurance Company, d/b/a Zurich North America respectfully requests that this Honorable Court set aside the judgment for dismissal entered on December 7, 2004, reinstate Sysco and SYGMA as defendants in this action, award Zurich attorney's fees incurred in filing this motion and grant to Zurich such other relief as the Court deems just and equitable.

          **FOX ROTHSCHILD LLP**

          */S/ Bernard George Conaway, Esquire*
          Francis G. X. Pileggi, Jr., Esquire (DE 2624)
          Bernard George Conaway, Esquire (DE 2856)
          L. Jason Cornell, Esquire (DE 3831)
          919 N. Market Street, Suite 1300
          P.O. Box 2323
          Wilmington, DE 19899-2323
          (302) 654-7444

          and

          Richard Dennis Abrams, Esquire (DE 2968)
          Heckler & Frabizzio, PA
          800 Delaware Avenue, Suite 200
          Wilmington, DE 19801
          (302) 573-4800

          *Attorneys for Empire Indemnity Insurance Company, d/b/a Zurich,* [4]

DATE: November 1, 2005

---

[4] The firm of Heckler & Frabizzio represents Subrogee as to all claims against the Defendants, whereas Fox Rothschild LLP represents Subrogee as to claims arising solely against Defendant Castellini.