# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHI-CHI'S, INC., et al., | ) | Case No. 03-13063 (RB) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Adv. Proc. No. 05-52726-RB |
| | ) | |
| SYSCO CORPORATION and | ) | |
| THE SYGMA NETWORK, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHI-CHI'S, INC., | ) | |
| | ) | |
| Defendant | ) | |

**DECLARATION OF FREDERIC L. GORDON IN SUPPORT OF DEFENDANT CHI-CHI'S, INC.'S OPPOSITION TO PLAINTIFFS SYSCO CORPORATION AND THE SYGMA NETWORK, INC.'S MOTION TO ENJOIN DEFENDANT DEBTOR CHI-CHI'S, INC. FROM INITIATING, CONTINUING AND/OR PARTICIPATING IN ANY ADDITIONAL ACTIONS, INCLUDING ARBITRATION, AGAINST THEM IN CONNECTION WITH THE HEPATITIS CLAIMS**

I, Frederic L. Gordon, declare as follows:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California, admitted pro hac vice for purposes of the present action in Delaware, and am a partner with the law firm of Gordon & Holmes, special litigation counsel and attorneys of record herein for Debtor/Defendant Chi-Chi's, Inc. I have represented Chi-Chi's in this capacity at all times relevant to this motion.

DOCS_DE:112479.1

1

2. I make this declaration based upon my own personal knowledge and if called as a witness could and would competently testify thereto, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

3. I am informed and believe that on or about June 26, 2001, debtor/defendant Chi-Chi's and plaintiff Sysco entered into a "Distribution Service Agreement." In the agreement, Sysco expressly agreed to comply with claimant Chi-Chi's Distributor Quality Program. Under that program, Sysco was required to ensure that all green onions were "manufactured, stored and transported in accordance with all applicable local, state and federal requirements." These requirements specifically included that no article distributed to Chi-Chi's "shall be adulterated or misbranded within the meaning of the Federal Drug and Cosmetic Act." The agreement also contained indemnity provisions, attorney's fees provisions, and an arbitration provision. A true and correct copy of relevant portions of the June 26, 2001 Distribution Service Agreement is attached hereto as Exhibit 1.

4. In November 2003, an outbreak of Hepatitis A occurred in western Pennsylvania. More than 650 people became ill and, to date, at least four individuals have died. Through epidemiological analyses, federal investigators traced the outbreak to the Monaca, Pennsylvania Chi-Chi's. The reports of their analyses, with which I am familiar, further led to a determination that the source of the outbreak was human consumption of Hepatitis A-contaminated green onions, served by Chi-Chi's in raw form as an ingredient in salsa and as a garnish on other dishes.

5. As a result of the 2003 Hepatitis A outbreak traced to debtor Chi-Chi's Monaca, Pennsylvania restaurant, several hundred claims have been filed against Chi-Chi's. I am informed and believe that nearly all of these claims have been settled and that the total amount of

DOCS_DE:112479.1

2

bodily injury claims paid to date is approximately $31 million. As a result of the size of these claims, Chi-Chi's tendered claims to its primary insurer as well as several excess carriers. These carriers include Empire Indemnity Insurance Company ("Empire"), Scottsdale Insurance Company, and Federal Insurance Company. I am informed and believe that Empire has paid the full amount of its $10,000,000 policy. A true and correct copy of relevant provisions of the subject "Commercial Lines Policy" issued to Chi-Chi's parent, Prandium, Inc., by Empire is attached hereto as Exhibit 2. Each of the insurers identified herein has asserted a right in subrogation to recover amounts paid to bodily injury claimants on Chi-Chi's behalf.

6.  On July 20, 2004, I filed, on behalf of Chi-Chi's, an adversary complaint against Castellini Company, LLC ("Castellini"), Sysco Corporation, and Sygma Network, Inc. (hereafter collectively "Sysco") for the purpose of recovering losses suffered by Chi-Chi's as a result of the Hepatitis A outbreak (Adv. Proc. No. 04-54170). The complaint sought to recover two primary elements of damage on behalf of Chi-Chi's: (1) Chi-Chi's direct losses, including lost profits, property damage, loss of business value, loss of goodwill, crises management expenses, and attorney's fees, and (2) indemnity for amounts paid to various third parties, including self-insured retention limits Chi-Chi's was required to pay to bodily injury victims under its liability policies. Chi-Chi's present arbitration claim against Sysco is substantively identical to Chi-Chi's prior complaint, and includes claims for Chi-Chi's direct losses (as described above) as well as for indemnity arising out of (1) Chi-Chi's payments to bodily injury claimants pursuant to Chi-Chi's $500,000 self-insured retention limit, (2) a class of persons who alleged injury as a result of receiving Immune Globulin shots administered by the State of Pennsylvania, and (3) payment to the State of Pennsylvania for the costs of such shots. The July 20, 2004 complaint contained several theories for recovery of Chi-Chi's damages, including breach of express and implied

DOCS_DE:112479.1

3

warranties, contractual indemnity, implied indemnity, and contribution. A true and correct copy of the Complaint filed by Chi-Chi's in this Court on July 20, 2004 is attached hereto as Exhibit 3.

7.  Following the filing of the complaint, I began a series of conversations and negotiations with counsel for Sysco, Aaron Krauss, and counsel for Castellini, Gary Becker, which negotiations continued for several weeks. During several conversations I had with Mr. Krauss between July 2004 and November 2004, we extensively discussed the arbitration provision and I formed the clear belief that, if Chi-Chi's did not dismiss the action against his client, Sysco would seek to compel arbitration pursuant to the arbitration provision contained in the June 26, 2001 Distribution Service Agreement between Chi-Chi's and Sysco. Upon my review of the arbitration provision and the applicable authorities, I agreed with Mr. Krauss's position that Sysco could successfully compel arbitration of Chi-Chi's claims.

8.  Also during these negotiations, in or about July to November 2004, I was informed by Mr. Becker, Castellini's counsel, that Castellini intended to request a jury trial and, as a result, move to have the District Court withdraw its reference of Chi-Chi's adversary proceeding that had been filed with this Court. Again, my review of the applicable authorities led me to believe that any such motion by Castellini was likely to succeed.

9.  In light of Sysco's insistence that it intended to compel arbitration, and in light of Castellini's intended motion, I agreed to dismiss Sysco without prejudice, with the intention, if necessary, to commence a later arbitration proceeding. I also executed, on Chi-Chi's behalf, a stipulation providing that the Chi-Chi's v. Castellini matter would be dismissed by stipulation and re-filed in the U.S. District Court for the Central District of California. The dismissals were in fact filed on November 12, 2004. A true and correct copy of the November 12, 2004

DOCS_DE:112479.1

4

dismissal of Sysco without prejudice is attached hereto as Exhibit 4. A true and correct copy of the November 12, 2004 stipulated dismissal of Castellini is attached hereto as Exhibit 5.

10. I am informed and believe that on or about November 16, 2004, Empire filed Adversary Proceeding No. 04-57064 in this Court against the same three defendants Chi-Chi's had dismissed days earlier. A true and correct copy of Empire's complaint in Adversary Proceeding No. 04-57064 is attached hereto as Exhibit 6. I was unaware, prior to receiving the filed subrogation complaint, that Empire intended to file its own complaint. Upon review of Empire's complaint, I discovered that Empire had filed the complaint in Chi-Chi's name and had copied Chi-Chi's prior complaint nearly verbatim. However, I also noted that Empire had clearly stated in its complaint that "[t]his Complaint has been filed by Empire Indemnity Insurance Company, subrogee of the Debtor ("Subrogee"), and its subrogation rights as they relate to Debtor are more fully set forth in the Complaint." The fact that Empire was the real party in interest, as a subrogee of debtor Chi-Chi's, was recognized by this Court, which, in its docket, designated the plaintiff in the Empire action as "Empire Indemnity Insurance Company, Subrogee of Debtors, Chi-Chi's, Inc." Attached hereto as Exhibit 7 is a true and correct copy of the on-line docket, as of October 20, 2005, for Delaware Bankruptcy Court Adversary Proceeding No. 04-57064-RB.

11. Despite the fact that Empire, for reasons unknown to me or to Chi-Chi's, filed a complaint superficially containing the same claims as had been asserted by Chi-Chi's, it was and is inherently true that Empire's claims must be limited to its asserted rights as a subrogee of Chi-Chi's. In this respect, not only did Empire's complaint explicitly state that it had been filed by Empire solely as a Chi-Chi's subrogee, but Empire simply had and has no right to assert any other claim. Aside from the $10,000,000 in insurance payments made by Empire on Chi-Chi's

DOCS_DE:112479.1

5

behalf, Empire, to my knowledge, does not contend Chi-Chi's has assigned any other claim to Empire. Chi-Chi's retains, and has always retained, its own right to recover for its own losses.

12.     Empire's complaint was filed by its own counsel acting solely on behalf of Empire, and entirely independent of Chi-Chi's. Chi-Chi's was not and has never been represented by Empire's litigation counsel.

13.     On or about November 22, 2004, Chi-Chi's filed a new complaint in the U.S. District Court for the Central District of California, naming only Castellini as a defendant (Case No. 2:04-cv-09539-GPS-AJW). A true and correct copy of Chi-Chi's November 22, 2004 complaint is attached hereto as Exhibit 9.

14.     Consistent with his previously stated positions regarding arbitration, I was contacted by Sysco's counsel, Mr. Kruass, following the November 16, 2004 filing of Empire's complaint. Mr. Krauss again referenced the existence of the parties' arbitration agreement and I again understood Sysco would seek to compel arbitration if the Empire complaint was not dismissed as against Mr. Krauss's clients. In light of this circumstance, I contacted, on or about December 2, 2004, counsel for Empire. At that time, I relayed Mr. Krauss's intention to compel arbitration. I am informed and believe that, on or about December 7, 2004, Empire filed a dismissal of its litigation claims against Sysco and Sygma without prejudice. I am further informed and believe that the reason Empire filed its dismissal of Sysco was the Empire's recognition of the fact that claims against Sysco must be arbitrated. A true and correct copy of Empire's December 7, 2004 dismissal of Sysco and Sygma without prejudice is attached hereto as Exhibit 8.

15.     On or about June 1, 2005, the U.S. District Court for the Central District of California entered an order, over the objection of all parties (including insurers Scottsdale and

DOCS_DE:112479.1

6

Empire, who had sought to intervene), abstaining from hearing the Chi-Chi's v. Castellini matter pursuant to 28 U.S.C. §1334(c)(1). A true and correct copy of the court's June 1, 2005 order is attached hereto as Exhibit 10.

16. In light of the California court's abstention, Chi-Chi's, on or about June 6, 2005, re-filed its lost profits and indemnity complaint against Castellini as a third party complaint in the U.S. District Court for the Western District of Pennsylvania. The complaint was filed in Funkhouser v. Chi-Chi's (Case No. 2:05-cv-000638-TFM), a bodily injury case recently removed to the federal court by Chi-Chi's. A true and correct copy of Chi-Chi's June 6, 2005 complaint is attached hereto as Exhibit 11.

17. In or about mid-July 2005, I contacted Mr. Krauss to inform him that Chi-Chi's intended to commence an arbitration proceeding against his clients. Following a series of communications between Mr. Krauss and my office, a scheduling stipulation was reached (a true and correct copy of the Chi-Chi's-Sysco stipulation is attached hereto as Exhibit 12), Chi-Chi's filed an arbitration claim with ADR Options in Philadelphia, Pennsylvania (a true and correct copy of Chi-Chi's September 8, 2005 Arbitration Claim is attached hereto as Exhibit 13), and, on September 23, 2005, Sysco instituted the present action was filed the instant motion.

18. Meanwhile, on or about August 1, 2005, Castellini filed, in the Western District of Pennsylvania, a motion to dismiss Chi-Chi's third party complaint in Case No. 2:05-cv-000638-TFM. In support, Castellini argued that Empire's complaint against Castellini, then pending in this Court, requires dismissal of Chi-Chi's Pennsylvania action pursuant to the "first-filed rule." A true and correct copy of Castellini's brief in support of its Motion to Dismiss is attached hereto as Exhibit 14.

19. I am informed and believe that also on or about August 1, 2005, Castellini, citing its request for a jury trial, filed a Motion for Withdrawal of Reference in the <u>Empire v. Castellini</u> matter pending before this Court. A true and correct copy of Castellini's brief in support of its August 1, 2005 Motion for Withdrawal of Reference is attached hereto as Exhibit 15. I am informed and believe Empire subsequently filed a response, in which it took no position on the motion. A true and correct copy of Empire's brief is attached hereto as Exhibit 16. I am informed and believe that Castellini's motion was fully submitted to the District Court on September 19, 2005, where it is now pending under Case No. 1:05-cv-00634-KAJ.

20. On or about October 7, 2005, the U.S. District Court for the Western District of Pennsylvania granted Castellini's motion to dismiss Chi-Chi's third party complaint, pursuant to the first filed rule, in Case No. 2:05-cv-000638-TFM. A true and correct copy of the court's October 7, 2005 order is attached hereto as Exhibit 17.

21. My office has been informed that Empire intends to file, within the next several days, a motion pursuant to Federal Rule of Civil Procedure 60, requesting that Empire's December 7, 2005 dismissal of Sysco and Sygma be vacated. It is my belief that Empire's Rule 60 motion, if granted, would entirely moot the issues raised by Sysco in the instant motion.

22. Subsequent to the filing of the instant motion, Sysco and Chi-Chi's agreed to an extension for the filing of opposition and reply briefs. Pursuant to the stipulation, it was agreed that Chi-Chi's opposition was to be filed on or before October 21, 2005 and Sysco's reply brief

was to be filed on or before October 31, 2005.

I declare under penalty of perjury according to the laws of the States of Delaware and California that the facts stated in this Declaration are true, and that this declaration was executed by me on October 20, 2005 in San Diego, California.

FREDERIC L. GORDON